UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAMUI WONG, | : |
| Plaintiff, | : Civil Action No. 18-16437 (SRC) |
| v. | : **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Kamui Wong ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning February 6, 2013. A hearing was held before ALJ Nicholas Cerulli (the "ALJ") on July 27, 2017, and the ALJ issued an unfavorable decision on September 27, 2017, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of September 27, 2017, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations. At step four, the ALJ also found that Plaintiff retained the residual functional capacity to perform her past relevant work as a mail handler, as that work is generally performed in the national economy. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) at step four, the ALJ's residual functional capacity determination is not supported by substantial evidence; and 2) the vocational expert's opinion that Plaintiff could perform her past job must be disregarded.

At step four, in making the residual functional capacity assessment, the ALJ reviewed the medical evidence. The record shows that Plaintiff was injured in a motor vehicle accident in 2000, and subsequently sought treatment for various orthopedic problems. She underwent shoulder surgery on February 6, 2013, the alleged onset date for her period of disability. The ALJ reviewed the records of post-surgical treatment by Dr. Ross, which showed that Plaintiff had ceased use of pain medications unless acutely needed by November of 2014. The records show that, in November of 2014, Dr. Ross recommended another shoulder surgery, but there are no records showing that Plaintiff followed this recommendation. The ALJ noted that there was no medical evidence regarding 2015 or 2016, and that Plaintiff returned to Dr. Ross in May of 2017. In her note on that visit, Dr. Ross stated that she had recommended injections into the shoulders, but "we will hold on this at this time." (Tr. 634.) Dr. Ross documented the following observations from physical examination: "There is tightness with the shoulders. She has some diminished strength bilaterally. She has stiffness in the cervical spine as well." (Id.) At that 2017 visit, Dr. Ross recommended that Plaintiff return for treatment as needed. (Id.)

On that same date, Dr. Ross filled out a form assessing Plaintiff's physical functional capacities. (Tr. 629.) On this form, Dr. Ross stated that Plaintiff had severe pain, was incapable of working even one hour each day, and that Plaintiff could sit and stand no more than 30 minutes at a time. (Id.)

The ALJ stated that he gave little weight to Dr. Ross's opinion because it was inconsistent with the other evidence of record. In short, the ALJ explained that Dr. Ross's assessment of Plaintiff's functional limitations was not supported by the history of treatment, nor by the findings from the examination in May of 2017. This Court finds that the record has not been sufficiently developed to allow meaningful review of the ALJ's weighting of Dr. Ross's opinion. Plaintiff's failure to follow Dr. Ross's treatment recommendations appears to have been given some weight in this determination, but the ALJ did not analyze this issue as required by the pertinent Regulations. Specifically, 20 C.F.R. § 416.930, titled, "Need to follow prescribed treatment," sets forth guidelines for making inferences about the failure to follow prescribed treatment. Furthermore, SSR 82-59, rescinded and replaced by SSR 18-3p in 2018, gives very detailed guidelines for this determination. The ALJ's decision does not refer to any of these regulations, nor does it show any sign that they were considered. Of greatest concern is the fact that these regulations require the ALJ to consider a claimant's failure to follow treatment recommendations in the context of the claimant's explanation of his or her treatment decisions. The present record contains no information about the claimant's explanation for not following treatment recommendations, nor any analysis which applies the applicable regulations. This Court finds that the ALJ's determination at step four is not amenable to meaningful review and must be vacated, pursuant to Burnett v. Commissioner of SSA, 220 F.3d 112, 119 (3d Cir. 2000).

The present case is on all fours with Burnett. In Burnett, at step three, the ALJ had made only a summary statement that the claimant did not meet or equal any listed impairment. Id. The Third Circuit considered the record and concluded:

> [T]he ALJ's conclusory statement in this case is similarly beyond meaningful judicial review. Because we have no way to review the ALJ's hopelessly inadequate step three ruling, we will vacate and remand the case for a discussion of the evidence and an explanation of reasoning supporting a determination that Burnett's "severe" impairment does not meet or is not equivalent to a listed impairment. On remand, the ALJ shall fully develop the record and explain his findings at step three, including an analysis of whether and why Burnett's back and knee impairments, or those impairments combined, are or are not equivalent in severity to one of the listed impairments.

Id. at 119-20 (citations omitted). Although, in the instant case, the ALJ provided some explanation of his decision to reject Dr. Ross's opinion, the ALJ's analysis of Dr. Ross's opinion has important matters missing and is not amenable to meaningful judicial review. On remand, the ALJ shall fully develop the record and explain his findings at step four, including an analysis of Plaintiff's failure to follow treatment recommendations and her reasons for her choices, if inferences are made based on such evidence.

For this reason, this Court finds that the Commissioner's decision is not amenable to meaningful judicial review, pursuant to Burnett. The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                  s/ Stanley R. Chesler
                                                  STANLEY R. CHESLER, U.S.D.J.

Dated: October 2, 2019